## JOHNSON *v*. THE STATE.

1. It is not legitimate practice for the solicitor-general, in his argument for the admission of evidence offered by him in behalf of the State, such evidence being a specific fact bearing strongly against the accused, to announce in the hearing of the jury that he has several more witnesses by whom he can prove the same fact, and that he had reserved them, with the witness under examination, to be offered in rebuttal. The number of witnesses that the solicitor-general had in reserve had no relevancy to the merits of the discussion, and any reference to the same might affect the jury prejudicially to the accused, the offered evidence being excluded by the court as not rebutting evidence and therefore offered too late.

2. No admission by a prisoner or his counsel results from their failure to examine the State's witnesses concerning a fact which the court had ruled to be inadmissible, and for that reason excluded when offered by the State; and it is flagrant error to allow the solicitor-general, over the objection of prisoner's counsel, to

argue to the jury that such failure is an admission. And the same principle applies to the argument that failure to introduce these witnesses as his own, after their exclusion as witnesses for the State, amounted to such an admission by the prisoner or his counsel. The fact thus sought to be established by argument alone being a material, and possibly a controlling one in the case, the prisoner is entitled to a new trial.

December 7, 1891.

Criminal law. Practice. Argument. Before Judge Roney. Richmond superior court. April adjourned term, 1891.

Indictment against Johnson for perjury in making an affidavit on March 21, 1891, that one Parker, on March 20, 1891, committed the offence of larceny from the house of $80 in money the property of said Johnson, which affidavit was made for the purpose of having a warrant issue against Parker. After verdict of guilty, Johnson moved for a new trial; the motion was denied, and he excepted. The other facts material to this report are stated in the opinion.

M. P. Foster and J. W. Lyons, for plaintiff in error. Boykin Wright, solicitor-general, contra.

Lumpkin, Justice.

1. The prosecutor, while on the stand, had testified that certain persons, naming them, had seen him in possession of a hundred dollar bill, this being, under the issues presented, quite an important fact. After the defence was closed, the solicitor-general offered to prove by one of those persons, named Warren, that he had seen the prosecutor with the hundred dollar bill. Counsel for the accused objected to this testimony as not being in rebuttal, and while the objection was being discussed, the solicitor-general stated in the hearing of the jury that he had four or five witnesses, including the one then on the stand, by whom he could prove the fact in question, stating what it was, and had purposely

reserved them to make this proof in rebuttal. Counsel for the accused objected to such a statement being made in the presence of the jury, and notwithstanding the court ruled that the testimony referred to was not in rebuttal and was inadmissible, no further notice was then taken by the court of the objection made to the solicitor-general's statement, nor did the court in its charge to the jury caution or warn them that this was not proper practice, or that the statement complained of should not affect their verdict in the case. The testimony which the solicitor-general was endeavoring to introduce was, as already remarked, important, and it bore very strongly against the accused. It is immaterial to the present purpose whether the court was right or wrong in rejecting this testimony. No possible light on the question of its admissibility at the time when offered could come from a statement of the State's counsel that he could prove the same thing by a number of other witnesses, but it is quite probable that this statement operated on the minds of the jury prejudicially to the accused. At any rate, this was its tendency, and no one can tell to what extent it affected the verdict. This subject requires no further elaboration, but we take this occasion to repeat what this court has already said, in effect, many times : that on the trial of cases, no fact should ever go to the jury except through the legally appointed channels. It is absolutely indispensable to the fair and proper administration of the law that this plain and just rule should be invariably observed.

2. While counsel for the accused was making his argument to the jury, the solicitor-general gave notice that he would argue in conclusion that the fact that such counsel did not ask the witness Warren, and other witnesses, while on the stand, whether what the prosecutor had sworn to was the truth (to wit, that these witnesses

had seen him with the hundred dollar bill), was an admission that the prosecutor's statement was true. The court was asked to prevent the solicitor-general from making such an argument, but declined to do so. When the latter did make his argument, he took the position above indicated, and insisted upon it strenuously, counsel for the accused again objecting, and the court refusing to interfere. He further argued that the fact that accused's counsel, after hearing the testimony of the prosecutor that these witnesses had seen him with a hundred·dollar bill, failed thereafter to introduce them as witnesses for the accused to disprove this statement, was a *conclusive* admission that the witnesses did see him with the bill. The court permitted all this argument over the objection and protest of counsel for the accused, and failed in his charge to inform the jury that the conduct of such counsel above mentioned did not amount to admissions by the accused as contended.

We feel constrained to allow the accused another hearing. The conclusions drawn by our able, gifted and eloquent brother Wright from the premises stated were unauthorized, and were highly injurious to the accused. Let us sum up the matter in a nutshell: The solicitor-general offered to prove a fact by one witness, and stated he could prove it by several others; the opposing counsel objected to the testimony, and the court sustained the objection; then, because this counsel declined to examine these witnesses on the very matter which, at his instance, the court had ruled was not then a proper matter for investigation, and because he refused to introduce these witnesses as his own and examine them about this very matter, it is argued that he thus admits for his client the truth of the thing he had induced the court to rule out. It would be dangerous indeed to object to testimony and succeed in having the objection sustained, or to decline to introduce hostile witnesses,

v 88 39

if either of these things resulted in establishing, as against the party so objecting or declining, the truth of that which, from his standpoint and in the opinion of the court, was inadmissible altogether.

*Judgment reversed.*