GEORGIA POWER COMPANY *v.* PUCKETT.

No. 10765.   OCTOBER 23, 1935.

*Colquitt, Parker, Troutman & Arkwright, Foley & Chappell,* and *George Huling,* for plaintiff in error.

*J. B. Peavy* and *A. L. Hardy,* contra.

GRAHAM, Judge.   The case came to this court on certiorari from the Court of Appeals, the defendant complaining that the Court of Appeals erred in affirming the overruling of the motion for new trial on the grounds that the verdict was contrary to the evidence, and that the trial judge failed, on timely objection, to rebuke and sufficiently instruct the jury not to consider alleged improper argument for the plaintiff; and also on the refusal to grant a mistrial in the case.   The argument complained of was as follows:

In the opening argument the plaintiff's attorney said to the jury: "The case at bar is one in which a large and powerful corporation, the Georgia Power Company, shows that it is undertaking to squeeze a small corporation, the Hamilton Telephone Company, out of business, and that it is for the jury of Harris County to determine whether they will let a large and powerful corporation, the Georgia Power Company, squeeze out of existence a small corporation, the Hamilton Telephone Company, which has been in existence and furnishing service to the citizens of Hamilton and Harris Counties for twenty-five years." Also, in the opening argument to the jury, the plaintiff's attorney said: "The attorney from Atlanta came down to defend the case in Harris County, knowing the plaintiff was entitled to recover. Addressing the jury of Harris County, whom I know and who know me, I am aware that the plaintiff is entitled to recover, and that the attorneys for the defendant also believe that the plaintiff is entitled to recover. The defendants realized they were due Mr. Puckett something."

In his concluding argument to the jury the plaintiff's attorney said: "Gentlemen of the jury, do you believe that this lawyer from Atlanta didn't know that that was a cable made of lead, and that lead is one of the best conductors known to the electrical power? Do you believe, gentlemen of the jury, that with his long association with this company that he didn't know that lead conducts electricity and is used in telephone service and everywhere else for that purpose? Gentlemen, it is an impossibility; it is preposterous." Also, in his concluding argument to the jury the attorney for the plaintiff said: "Doctors, God pity them. I don't want to intrude my own history on you, but I was compelled almost from the time I was born until manhood to tip-toe about the house that I might not disturb a sick person. I married a short time afterwards . . for twenty-five years one of the most intelligent, loving characters. . . I have seen doctor after doctor, from Baltimore south, make diagnosis, and one would say one thing and another another."

Upon objection by counsel for the Georgia Power Company, the plaintiff's attorney, continuing, said: "Yes, sir, he cries out who is in pain. I say to you, gentlemen, from my experience and from common knowledge, doctors are the darndest bunch of guessers that God Almighty has put on the earth . . guessers." Con-

tinuing, the attorney for the plaintiff, in his concluding argument, said: "Gentlemen of the jury, I don't believe that there is a man anywhere on the earth, without looking into the breast of a man, can count his pulse or listen to his heart-beat and say absolutely that there is no disease there. They say, 'Why don't you bring a doctor?' Why keep contending, gentlemen, why we didn't bring a doctor? As a result of this accident we had finally to lay off from work in April of 1933. We had no earning capacity at all, a simple boy, helpless so far as finances were concerned; and my experience—and I think it is a matter of common experience—that doctors do not work without pay. That is why we haven't got a doctor."

Again, in the concluding argument of the plaintiff's attorney to the jury, with reference to the Georgia Power Company, he said: "The voice of reason and humanity, doesn't it call to every civilized being on earth? It bears out the idea, gentlemen of the jury, that they want the current that killed him paid for. Talk about the Power Company doing so much for Mr. Puckett, great God!" And further, in his concluding argument the plaintiff's attorney said: "Gentlemen of the jury, from what I know of headaches, there is not enough money in the world—there is not enough wealth in all the stars that God has flung out into space—to pay me for one year's headache."

Petitioner further assigns error, for that in the concluding argument to the jury counsel for the plaintiff said: "They [the Georgia Power Company] have used their own with an utter and absolute disregard of the rights of others. What does humanity mean to them? What does the heart-beat of a child, what does a life, with all that is fair and promising to it, mean to them? Nothing! There is nothing in this world that means anything to them, judging from the evidence in this case, except dollars and cents. I have this emotion, gentlemen of the jury, not one of fear but one of pity, pity that a man through these long years of practice in the courts seeks not justice but victory. Justice! how many crimes have been committed in thy name! And of all the people on the face of the earth the last man that should lend his influence and power to injustice is a lawyer at the bar, and the very confusion in America to-day—and I say it openly and boldly —may be charged to the fact that we go through the hocus-pocus

of a trial and we undertake to do all kinds of things, not for justice, but for victory. This lawyer wants to carry back to Atlanta justice? No; victory! He wants to go back to his client and say, 'I went down to a little country town, come in contact with those lawyers—with those little country lawyers—and I wiped them up, wiped up the face of the earth with them.'"

Counsel for the defendant objected to this argument and moved for a mistrial on account of it. The court overruled the motion for a mistrial, and instructed the jury with reference to the argument as follows: "Gentlemen, I instructed the jury several times —the lawyers are here on either side; they have the right to appear here, reputable attorneys, all of them; and the jury is instructed by the court, the lawyers' arguments are not evidence, and counsel will please confine their arguments to the facts as developed from the trial of this case. Proceed."

The Court of Appeals (50 *Ga. App.* 725, 179 S. E. 284), held that the evidence authorized the verdict, and: "While the arguments of counsel for the plaintiff, excepted to by the defendant in the special ground of its motion for new trial, may have been improper in not being based entirely on the evidence, still the trial judge exercised his discretion in this respect, and instructed the jury with reference to the same; and we are of the opinion that such argument was not so improper or injurious as to require a reversal of the judgment."

■■ Argument of counsel on the trial of causes before the jury is considered by our courts as a prime and important right. Ordinarily the attorney for the party upon whom the burden of proof rests is entitled to open and conclude. Where this right is denied, it will afford, unless the evidence demanded the verdict, ground for new trial, the presumption being that the party to whom it has been improperly denied has been injured. *Phelps* v. *Thurman,* 74 *Ga.* 837; *Chapman* v. *Atlanta & West Point R. Co.,* 74 *Ga.* 547; *Royce* v. *Gazan,* 76 *Ga.* 79.

In *Buchanan* v. *McDonald,* 40 *Ga.* 286, it was held: "This court has decided in several cases that the right to open and conclude in a question turning upon evidence was upon the party on whom the burden of proof rests; and as the burden was upon the plaintiff in this issue, we hold the plaintiff had that right, and it was error in the court to refuse it. Nor was it an immaterial

error. It is not worth while to disguise the truth or to conceal from ourselves that the right to open and conclude, in a jury trial, is of prime importance. The right to open is important. It enables the party to give direction to the case, very often to choose the ground on which the battle shall be fought. And the right to conclude is more important still. Even in fair and legitimate argument, the party concluding has the advantage of knowing precisely the line of his opponent, and therefore of directing his attention to it, and arraying everything in the case that fairly illustrates and sustains his view of it." The argument of counsel is considered of such powerful factor in the trial of cases that it is provided in the Code: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Code of 1933, § 81-1009.

Questions of alleged improper argument are often before the court. It may be observed that every case turns more or less on the circumstances peculiar to that case, and that it is difficult to fix any inflexible rule for the argument other than that provided for in the rules of the court. Rule 2 (Code of 1933, § 24-3302) stipulates that "arguments of counsel shall be confined to the law and facts involved in the case then before the court, . . and in all civil cases questions of law shall be argued exclusively to the court, and questions of fact to the jury." This rule does not curtail the freedom of speech or abridge the right of legitimate argument. The trial, as was held in New York Central Railroad Co. v. Johnson, 279 U. S. 310 (49 Sup. Ct. 300, 73 L. ed. 706), is never a purely private controversy of no importance to the public. "The State, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly . . conducted. The public is interested in having all trials conducted in an orderly and proper manner." O'Dell v. State, 120 Ga. 152 (47 S. E. 577). To this end every litigant is entitled to be represented by an attorney, and argument is allowed. But the right of argument may not be used as a license to introduce in evidence

new facts. The general rule is that counsel must confine their argument to the law and the evidence. In civil cases the argument on the law is addressed to the court and on facts to the jury, and in criminal cases both the law and the facts may be argued to the jury. The duty is placed upon the court to hold the argument within the rule; and the restriction on counsel is that he shall not in his argument estray from the law, evidence, circumstances, and pleadings in the case. Much latitude, however, in the argument is allowed. Counsel may draw on human experience, the great physical laws of the universe, the unchanged and the unchangeable, and from those well-known facts of which the court will take judicial cognizance; but he must avoid introducing, by way of argument, evidence either inadmissible or not admitted. "What has transpired in the case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case, is the subject of legitimate comment." *Adkins* v. *Flagg,* 147 *Ga.* 136 (93 S. E. 92); *Inman* v. *State,* 72 *Ga.* 269.

"It is quite natural, and by no means unusual, for an advocate, in discussing the facts of a case before a jury, to indulge to some extent in imagery and illustration. Sometimes a simile may be inapt, or the metaphor mixed, or the expression may be hyperbolical. What the law forbids is the introduction into a case by way of argument of facts not in the record, calculated to prejudice. The language may be extravagant; but figurative speech has always been regarded as a legitimate weapon in forensic warfare, if there be evidence before the jury on which it may be founded." *Taylor* v. *State,* 121 *Ga.* 348, 354 (49 S. E. 303). In *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534), this court said: "We desire to emphasize what is said in the foregoing quotation. Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." In this connection, it was held in *Western & Atlantic Railroad Co.* v. *York,* 128 *Ga.* 687 (58 S. E. 183), that "a mere flight of oratory of counsel when addressing the jury is not ground for a mistrial. Counsel may bring to his use in the discussion of the case well established historical facts, and may allude to such principles of divine law relating to transactions of men as may be appropriate to the case. It is not impassioned oratory which the law condemns and discredits in the advocate,

but it is the introduction of facts not disclosed by the evidence, which requires the judge to use his power of declaring a mistrial." Many interesting cases might be cited, of this court and other courts, where new trials have been granted on account of improper argument. A new trial on account of the argument of counsel for·plaintiff was ordered by this court in *Western & Atlantic Railroad Co.* v. *Cox,* 115 *Ga.* 715 (42 S. E. 74), where, in an action for personal injuries, the attorney used the following language: "The only way to reach a railroad is to make it pay money. A railroad has no soul, no conscience, no sympathy, and no God." The Court of Appeals directed a new trial in *Southern Railway Co.* v. *Gentle,* 36 *Ga. App.* 11 (135 S. E. 105), a personal-injury case, on account of the argument, "Gentlemen of the jury, this is one of the wisest and most beneficent laws ever passed by Congress, or any other legislative body. Oh! the railroads fought it, of course they did, as they always have and always will, wherever money is on one side and human life and safety is on the other, or where an ancient wrong is proposed to be overthrown." In another personal-injury case, *Veazey* v. *Glover,* 47 *Ga. App.* 826 (171 S. E. 732), the Court of Appeals ordered a new trial on account of the following argument: "They make a great big hullabaloo about this thing, but what difference does it make? Even when we get a judgment we very likely wouldn't be able to collect anything—the blamed thing is in the hands of the receivers now, and you can't levy on anything that it's got, and can't collect a cent even if we got a judgment."

The Supreme Court of the United States, in New York Central Railroad Co. *v.* Johnson, supra, reversed a judgment on account of improper argument of counsel for the plaintiff in an action against the railroad for personal injuries, a portion of this argument being, "I resent the New York Central coming into this town and saying that that girl has the syphilis and trying to make this jury believe that she has the syphilis." In deciding this case the court held: "A trial in court is never, as respondents in their brief argue this one was, 'purely a private controversy . . of no importance to the public.' The State, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted, and that verdicts of juries be rendered only on the issues made by the pleadings and

the evidence. The public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict uninfluenced by the appeals of counsel to passion or prejudice. See Union P. R. Co. *v.* Field, 69 C. C. A. 536, 137 Fed. 14-15; Brown *v.* Swineford, 44 Wis. 282, 293; 28 Am. Rep. 582."

It is not permissible for counsel to state his personal belief of the evidence. *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123); *Moore* v. *State,* 10 *Ga. App.* 805 (74 S. E. 315); *Pelham & Havana R. Co.* v. *Elliott,* 11 *Ga. App.* 621 (75 S. E. 1062). In the latter case the court said: "It is illegal and highly prejudicial to a fair and just administration of the rights of the parties for counsel, in addressing the jury, to comment upon matters not proved and not growing out of the pleadings. It is the duty of the trial judge, upon a timely and appropriate request of the party likely to be prejudiced thereby, to direct the attention of the jury to the impropriety of the argument and caution them against it. If statements of fact, or comments, unjustified by the evidence, are made by counsel, and it is apparent that the impropriety may be prejudicial to the opposite party, and yet the court takes no action to apply any corrective measure, though requested to do so, a new trial will be granted." Improper argument of counsel for one party will not justify improper argument on the part of counsel for the other party. Two wrongs can not make right. *Smoot* v. *State,* 146 *Ga.* 76 (90 S. E. 715): *Nixon* v. *State,* 14 *Ga. App.* 261 (80 S. E. 513). "To hold that because counsel on one side violates a rule of court in his address to the jury by making statements outside of the evidence, the opposing counsel has the right to violate the rule in like manner, over objection of opposing counsel, would be to turn a court, where justice should be administered according to the rules of evidence and of law, into a town meeting." *Bennett* v. *State,* 86 *Ga.* 401 (12 S. E. 806, 12 L. R. A. 449, 22 Am. St. R. 465).

The rule in reference to argument, as pointed out by the court in *O'Dell* v. *State,* supra, was codified (§ 81-1009) from four decisions of this court, two criminal and two civil cases. See *Augusta &c. R. Co.* v. *Randall,* 85 *Ga.* 297 (11 S. E. 706); *Croom* v. *State,* 90 *Ga.* 430 (17 S. E. 1003); *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 500 (16 S. E. 49); *Farmer* v. *State,* 91 *Ga.* 720

(18 S. E. 987). In the two criminal cases and in one of the civil cases it was ruled that improper remarks by counsel would not be sufficient reason for reversing a judgment refusing a new trial, when no objection was made, and no ruling from the court invoked; while in *Augusta &c. R. Co.* v. *Randall* the judgment was reversed although it does not appear that any ruling was invoked in reference to the improper remarks. In the *O'Dell* case, supra, the court said: "The general rule is undoubtedly the one laid down in the three cases above referred to. . . The rule that generally this court will not reverse a judgment for a failure on the part of the trial judge to rebuke disorder . . is not, as is supposed by some, a rule of recent origin. It has been applied more often in recent years, but the rule is almost as old as this court." This statement is supported by the decisions of this court in *Mitchum* v. *State,* 11 *Ga.* 615; *Berry* v. *State,* 10 *Ga.* 511; *Grady* v. *State,* 11 *Ga.* 253; *Doster* v. *Brown,* 25 *Ga.* 24 (71 Am. D. 153); *Long* v. *State,* 12 *Ga.* 293; *Bulloch* v. *Smith,* 15 *Ga.* 395; *Archer* v. *State,* 35 *Ga.* 5. Although it is the duty of the trial judge, whether so requested or not, to check improper remarks of counsel to the jury, and to remove any prejudicial effect they may be calculated to have against the opposite party, "a verdict will not be set aside because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the trial. A party will not be permitted to sit by and allow such conduct to proceed without objection and without calling the attention of the court to it, and after verdict take advantage of it as ground for a new trial. It is as much his duty to object to improper argument as it is to object to improper evidence, and in the former case as well as in the latter, if he permits it without objection, he can not demand a new trial on the ground that the jury may have been affected by it. If the remarks are considered so far prejudicial that their effect upon the jury can not be counteracted, the party aggrieved may request that the case be withdrawn from the jury and a mistrial declared. It is generally within the discretion of the court to grant this request, or if the misconduct is not so gross, in the opinion of the court, as to require a mistrial, to rebuke counsel and forbid him to persist therein, and to instruct the jury not to allow the same to have any effect against the opposite party." *Metropolitan St. R. Co.* v. *Johnson,* supra.

Construing this section, our courts have held that merely ruling out improper statements of counsel in argument to the jury is insufficient to cure the injury; and that it is the duty of the court, on objection, to rebuke counsel. *Collins Park &c. Railroad Co.* v. *Ware,* 112 *Ga.* 663 (37 S. E. 975); *Southern Marble Co.* v. *Pinyon,* 144 *Ga.* 259 (86 S. E. 1086). But a new trial will not generally be granted where the court warns counsel to confine his argument to the evidence and issues in the case, and instructs the jury to disregard the improper statements of counsel. *Annuncialo* v. *State,* 176 *Ga.* 787 (169 S. E. 3). In addition to the foregoing authorities, there are numerous decisions holding, notwithstanding it is the duty of the court to interpose and prevent improper argument, that a new trial will not be required on account of improper argument unless the attention of the court be called thereto by proper objection, motion, or request to charge, and the court fails to rebuke counsel and to instruct the jury not to consider the argument, or the circumstances of the case are such that the rebuke and instruction are insufficient to remove the improper impression. See: *Atlanta &c. R. Co.* v. *Bagwell,* 107 *Ga.* 157 (33 S. E. 191); *Brown* v. *State,* 150 *Ga.* 756 (105 S. E. 289); *Ivey* v. *State,* 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959); *Farmer* v. *State,* 91 *Ga.* 720 (18 S. E. 987); *Bowens* v. *State,* 106 *Ga.* 760 (32 S. E. 666); *Bird* v. *State,* 142 *Ga.* 596 (83 S. E. 238, Ann. Cas. 1916C, 205); *Herndon* v. *State,* 111 *Ga.* 178 (36 S. E. 634); *O'Neill Mfg. Co.* v. *Pruitt,* 110 *Ga.* 577 (36 S. E. 59); *Young* v. *State,* 65 *Ga.* 525; *Rhodes* v. *Rogers,* 134 *Ga.* 551 (68 S. E. 323); *So. Ry. Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703).

The trial judge in passing upon objections to argument or on motions for mistrial on account of alleged improper argument is vested with a broad and sound discretion. *Spence* v. *Dasher,* 63 *Ga.* 430. It is his duty to interpose, prevent, and rebuke improper argument, either with or without objection; but a new trial is not required on account of improper argument unless a ruling thereon be invoked by timely objection or by motion for a mistrial. A new trial will not then be required unless the court fails to rebuke the improper argument and fails to instruct the jury not to consider it, or unless it manifestly appears from the circumstances of the case that the argument was such that the rebuke and instruction were insufficient to remove the improper impression from the

minds of the jury. "The character of the remarks in this case was such as to put before the jury facts of a substantive nature, irrelevant, but tending to unduly prejudice the jury against the accused, as already pointed out; but how firmly they may have found lodgment in the minds of the jury and influenced the verdict can only be left to conjecture. The judge was unsuccessful in his attempt to stop the attorney before completing the objectionable remarks. While he attempted, by reprimanding the attorney and giving instructions, to prevent the minds of the jury from being affected by the statements, the instructions did not clearly inform the jury that the character of the accused, which the attorney had stated was bad, was not in issue; but from the statement 'that, in the absence of proof of bad character by the defendant, it must be presumed that there was nothing derogatory to his character,' the jury might have inferred that the character of the accused had some bearing upon the case. Considering the character of the remarks, the circumstances of their delivery, and the instructions of the court in regard thereto, it can not be said that the accused had a fair trial." *Smool* v. *State,* 146 *Ga.* 76, 81 (90 S. E. 715). A new trial would not be granted where the evidence demanded the verdict. A motion for a mistrial is not essential to evoke a ruling on improper argument, but the attention of the court may be called thereto by motion, by objection at the time of the argument, or by timely written request to charge.

The argument complained of was improper. Timely objection was made thereto, and a mistrial on account of it was moved. The motion was refused, without sufficient rebuke or instruction to the jury not to consider the argument. Therefore it was error to deny a new trial on the ground of the motion complaining of the refusal to declare a mistrial and because of the failure of the judge on objection to rebuke the counsel and sufficiently instruct the jury not to consider the argument.

■ Inasmuch as another trial is to be had, we will not pass upon the question as to whether the verdict was authorized by the evidence. This question will be left open for determination on the next trial of the case.

*Judgment reversed. Presiding Justice Beck, Justices Gilbert and Bell, and Judge Worrill concur.*