HICKS *v.* THE STATE.

No. 14656.   October 7, 1943.

*H. A. Allen* and *B. J. Dantone,* for plaintiff in error.

*T. Grady Head,* attorney-general, *John A. Boykin,* solicitor-general, *Durwood T. Pye, E. E. Andrews,* and *L. C. Groves,* assistant attorney-general, contra.

ATKINSON, Justice. (After stating the foregoing facts.)

■ The verdict was amply supported by the evidence, and there was no error in overruling the general grounds of the motion for new trial.

■ The accused insists that the court erred in not declaring a mistrial, by reason of a remark by the assistant solicitor-general in his concluding argument to the jury, as follows: "Anything less than the death penalty would be a mockery." Counsel for accused promptly said: "We object to that, and ask for a mistrial in this case." The court denied said motion for mistrial, making the statement, "I will strike the word 'mockery,' and tell the jury to put it out of their minds." The record does not disclose what, if anything, the court afterward said to the jury. The accused insists that the remark was inflammatory and calculated to arouse extreme prejudice against him in the minds of the jury, and more especially so as he was a negro charged with rape upon a white woman.

Where a person is tried for rape under the Code, §§ 26-1301, 26-1302, the jury has the right to find him guilty, which verdict would carry the death penalty, or to find him guilty with recommendation to mercy, in which event the jury would go further and fix a punishment from one to twenty years in the penitentiary. The jury in determining whether or not to recommend mercy is not controlled by any rule of law, nor could the court under any circumstances instruct them as to when they should, or should not,

make such a recommendation. They may do so with or without a reason, and they may decline to do so with or without a reason. It is a matter wholly within their discretion. *Lucas* v. *State,* 146 *Ga.* 315 (7) (91 S. E. 72). Under our law, the jury being vested with this right, it is not improper for counsel to argue before them the question whether or not they should so recommend. *Lucas* v. *State,* supra; *Ozburn* v. *State,* 87 *Ga.* 173 (13 S. E. 247); *Bailey* v. *State,* 153 *Ga.* 413 (112 S. E. 453); *Johnson* v. *State,* 154 *Ga.* 529 (114 S. E. 713); *Allen* v. *State,* 187 *Ga.* 178 (200 S. E. 109, 120 A. L. R. 495). Where prejudicial matters not in evidence are stated in the argument, it becomes the duty of the court to interpose and prevent, or to hear objections and rebuke counsel, or to instruct the jury, or to declare a mistrial. Code, § 81-1009.

There are two types of improper statements made in argument of counsel, to wit: (*a*) One that can be cured by the court rebuking counsel, or giving needed instructions to the jury, or both, as in *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Wallace* v. *State,* 126 *Ga.* 749 (2) (55 S. E. 1042); *Hunter* v. *State,* 133 *Ga.* 78 (65 S. E. 154); *Floyd* v. *State,* 143 *Ga.* 286 (84 S. E. 971); *Waters* v. *State,* 150 *Ga.* 623 (104 S. E. 626); *Hammond* v. *State,* 156 *Ga.* 880 (4) (120 S. E. 539); *Hulsey* v. *State,* 172 *Ga.* 797 (5, 6) (159 S. E. 270); *White* v. *State,* 177 *Ga.* 115 (5) (169 S. E. 499); *Whaley* v. *State,* 177 *Ga.* 757 (6) (171 S. E. 290); *Powell* v. *State,* 179 *Ga.* 401 (4) (176 S. E. 29). (*b*) Where an irrelevant statement is so inflammatory and prejudicial that its injurious effect cannot be eradicated from the minds of the jurors by instruction from the court to disregard it, as applied in *Bennett* v. *State,* 86 *Ga.* 401 (12 S. E. 806, 12 L. R. A. 449, 22 Am. St. R. 465); *Washington* v. *State,* 87 *Ga.* 12 (13 S. E. 131); *Johnson* v. *State,* 88 *Ga.* 606 (15 S. E. 667); *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123); *Minor* v. *State,* 120 *Ga.* 490 (48 S. E. 198); *Jones* v. *State,* 123 *Ga.* 129 (51 S. E. 312); *Cæsar* v. *State,* 125 *Ga.* 6 (53 S. E. 815); *Barker* v. *State,* 127 *Ga.* 276 (56 S. E. 419); *Butler* v. *State,* 142 *Ga.* 286 (82 S. E. 654); *Fair* v. *State,* 168 *Ga.* 409 (148 S. E. 144). Where improper statements have been made by counsel in the presence of the jury, it is the duty of the judge to endeavor to remove from the minds of the jury improper impressions made by unfair argument; and in determining the proper method the judge is vested with a sound discretion, and his rulings

thereon will not require a new trial, unless it manifestly appears that his discretion was abused. *Adkins* v. *Flagg,* 147 *Ga.* 136 (93 S. E. 92); *Manchester* v. *State,* 171 *Ga.* 121 (7) (155 S. E. 11); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (182 S. E. 384). In determining whether an argument is improper, it should be borne in mind that "flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." *Patterson* v. *State,* 124 *Ga.* 408 (supra); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (supra).

Applying the foregoing principles to the instant case, and even if it be assumed that the language complained of was to some extent improper argument, still it was not inflammatory nor highly prejudicial. The statement made by the judge was tantamount to directing the jury to give the remarks no consideration. In the circumstances we do not think the judge was required to do anything more. Accordingly the court did not err in overruling this ground of the motion.

■ The refusal to declare a mistrial on account of the argument of the assistant solicitor-general was not a denial of the constitutional rights of the accused under the constitution, art. 1, sec. 1, par. 3 (Code, § 2-103), which provides: "No person shall be deprived of life, liberty, or property, except by due process of law." Where a citizen is accorded a trial in a court of justice according to the modes of procedure applicable to all cases of a similar kind, it cannot be said that he has been denied "due process of law." *Lamar* v. *Prosser,* 121 *Ga.* 153 (4) (48 S. E. 977); *Frank* v. *State,* 142 *Ga.* 741 (83 S. E. 645); *Arthur* v. *State,* 146 *Ga.* 827 (92 S. E. 637); *Meyers* v. *Whittle,* 171 *Ga.* 509 (3) (156 S. E. 120); *Norman* v. *State,* 171 *Ga.* 527 (2, 3) (156 S. E. 203); *King* v. *State,* 174 *Ga.* 432 (3) (163 S. E. 168). Nor was the refusal to declare a mistrial a violation of any right under art. 1, sec. 1, par. 5 (Code, § 2-105), providing that he "shall have a public and speedy trial by an impartial jury." In this opinion we have held that the argument of the assistant solicitor-general, when considered in connection with the statement of the judge, was not such as to affect the impartiality of the jury; and that construction necessarily negatives any violation of this constitutional right. *Moore* v. *State,* 151 *Ga.* 648 (108 S. E. 47).

*Judgment affirmed. All the Justices concur.*