## 42351. DeFREESE et al. v. BEASLEY.

JORDAN, Judge. This is an action by Walter V. Beasley against Samuel J. DeFreese and Marsha Jean DeFreese, husband and wife, for professional services rendered as an attorney in obtaining a parole for the husband, a physician who was serving a sentence in the United States prison at Tallahassee, Fla., on convictions of improperly dispensing dangerous drugs. Count 1, as amended, is for $5,000 as the fee agreed upon for professional services, and Count 2 is for $5,000 as the reasonable value of the professional services rendered. The jury found for the plaintiff for $5,000, and defendants appeal to this court, asserting errors by the trial court in excluding documentary evidence and in refusing to grant a mistrial because of the remarks of counsel to the jury.

The first seven enumerated errors relate to the refusal of the trial court to admit in evidence various letters and excerpts from them. Exhibit No. 11 (Error No. 1) was identified by the writer, another physician, who had agreed to employ defendant, Samuel J. DeFreese, upon his release from prison. It is the retained copy of a letter dated September 26, 1961, addressed to Samuel J. DeFreese, which the witness showed to plaintiff when plaintiff visited him sometime before Christmas 1961. The content of the letter is not disclosed in the record. Exhibit No. 4 (Error No. 2), Exhibit No. 7 (Error No. 4), and Exhibit No. 8 (Errors Nos. 3 and 6) are identified by Samuel J. DeFreese as letters which he wrote to Marsha Jean DeFreese in October, November, and December, 1961. These letters contain statements to the effect that he doubted the possibility of a parole before April, 1962, that he was concerned about the fee plaintiff would charge, that plaintiff's demands were exorbitant, that he was dissatisfied because plaintiff did not obtain a speedy parole for him, and that his wife should not under any circumstances make any promises or sign anything. Marsha Jean DeFreese identified some of these letters as having been shown to plaintiff. Exhibit No. 5 (Error No. 5) and Exhibit No. 6 (Error No. 7) are identified by defendant, Samuel J. DeFreese, as letters dated December 14, 1961, and January 4, 1962, which he wrote to the physician who had agreed to employ him. In the letters he expressed his displeasure with plaintiff's demand for $5,000, stated he considered anything over $1,000 as excessive, and

mentioned that plaintiff assured him of a quick parole, meaning before Christmas 1961. The remaining three enumerated errors relate to remarks of counsel in closing argument that defendant, Samuel J. DeFreese, had caused other people to become addicted to harmful drugs and that children in the jurisdiction of the court were addicted to drugs on account of the conduct of the defendant, and remarks about poisonous moonshine whisky. *Held:*

1. The trial court did not err in excluding a letter written by a third party and addressed to a defendant which is not shown to be relevant to the issues being tried. *Code* § 38-201.

2. The trial court did not err in excluding letters from one defendant to the other and from one defendant to a third party, the contents of which consist primarily of self-serving declarations expressing dissatisfaction with the services performed by the plaintiff and concern about the amount of the fee. *Noble v. Burney,* 124 Ga. 960, 962 (53 SE 463); *McNamara v. Georgia Cotton Co.,* 10 Ga. App. 669, 674 (73 SE 1092).

3. Under the circumstances disclosed by this case the trial court erred, upon timely objection of defendant's counsel, in failing to rebuke plaintiff's counsel for his improper and prejudicial remarks about the use of drugs and poisonous moonshine whisky, and in not endeavoring, by needful and proper instructions, to remove the improper impression such remarks may have created in the minds of the jurors, or, if the ill effect of the improper argument could not have been erased by this procedure, a mistrial should have been granted. *Code* § 81-1009; *Georgia Power Co. v. Puckett,* 181 Ga. 386 (3, 4) (182 SE 384); *Brown v. State,* 110 Ga. App. 401 (138 SE2d 741).

*Judgment reversed.  Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED OCTOBER 5, 1966—DECIDED DECEMBER 5, 1966— REHEARING DENIED DECEMBER 19, 1966—

*Merritt & Pruitt, J. Ray Merritt,* for appellants.
*Duncan & Wall, R. F. Duncan,* for appellee.