## 48291. MOOREHEAD v. COUNTS et al.

EVANS, Judge. Moorehead sued Mr. and Mrs. Counts for personal injuries and property damage because of an automobile collision. An automobile driven by Mrs. Counts and owned by her husband, struck Moorehead's vehicle in the rear.

The defendants answered, denied any negligence, and alleged that if defendant was negligent, plaintiff's negligence was equal to or greater than defendant's negligence.

During the opening argument of counsel for defendant, plaintiff moved for a mistrial because of improper argument made by defendants' counsel to the jury, which motion was overruled. The case proceeded to trial, and verdict and judgment were rendered for plaintiff for $600. Plaintiff was dissatisfied with the amount of the verdict and moved for new trial which motion was heard and denied. Plaintiff appeals from the judgment.

During the opening statement by counsel for defendant to the jury, he argues that plaintiff had made many, many claims before, and that his present claim was premised upon an intentional injury that plaintiff himself precipitated in the course of a pattern of conduct. Thereupon, counsel for plaintiff moved for a mistrial, stating that such statements were highly prejudicial and inflammatory; that the suggestion by counsel for defendant to the effect that plaintiff had perpetrated a fraud and had done

this before and is doing it here at this time, is prejudicial, and that there is nothing set forth in the pre-trial order to indicate or intimate such as a defense.

Counsel for defendant then stated: "The pre-trial doesn't purport to set forth evidence. We expect this to be a pattern of his many, many claims and conduct and that this was an intentional injury that he himself precipitated in the course of a pattern of conduct." Counsel for plaintiff then stated that such argument again ". . . constitutes grounds for a mistrial in that he has now interjected into the lawsuit that he has made other claims. Whether he has had other claims or not is not germane and is not pertinent to this lawsuit. Whether he has been injured before in any traumatic experience or not is, of course, germane, material and relevant, but whether or not he has had a claim before is prejudicial and cannot be interjected into it any more than we could interject other aspects of the case." The court stated, "I don't believe he mentioned a claim," and counsel for defendant thereupon stated, "I think I might have in addressing the Court, not the jury," to which counsel for plaintiff replied, "But the jury is sitting right here listening and I believe the Court Reporter has it." The court then stated, "I am going to overrule the motion for a mistrial in view of the apparent defense to the action here."

It will be seen that counsel for defendant thus corrected the court as to his failure to remember that the word "claim" had been used. There was nothing in the pleadings of defendant nor in the pre-trial order which gave any notice or intimation of such a defense.

The trial court did not at any time reprimand or rebuke counsel for defendant so the jury might know that the court disapproved and looked with disfavor on such statements in the presence of the jury — he did not grant the motion for mistrial — and the only thing he said to the jury on this question was: "I would like to instruct the jury in connection with the motion just made to disregard any mention of any prior claim. That would have no bearing on the issues to be here determined today. I did want to add that to my overruling of the motion for mistrial." This statement, of course, contradicted an earlier statement by the trial judge to the effect that he was allowing the argument and overruling the motion for mistrial, "in view of the *apparent defense* to the action here," (emphasis supplied) which earlier statement by the court to the jury as to the apparent defense

of defendant was never withdrawn.

1. Here the trial court did not grant the motion for mistrial, but simply told the jury to "disregard any mention of prior claim. That would have no bearing on the issues to be here determined today."

There was not the faintest suggestion by the court that he regarded counsel's argument to the jury as improper, or that he criticized, reprimanded or rebuked counsel in any fashion whatever for having stated matters that were completely outside the record, and were of a prejudicial nature.

What is the mandate of the statute? Code § 81-1009 makes it the *duty of the court* to "interpose and prevent" counsel from making statements of "prejudicial matters which are not in evidence." But all too often the statements are made without advance notice — as was done here — and the trial judge has no opportunity to "interpose and prevent" the making of said prejudicial statements. Then what is required of the trial court? The mandate of the statute is very plain and unambiguous on this point, in this language: ". . . and, on objection made, *he shall also rebuke the counsel, and* by all needful and proper instructions to the jury *endeavor to remove the improper impression from their minds."* (Emphasis supplied.) When did the trial court here *rebuke* counsel? He never did! When did the trial court *endeavor to remove the improper impression from their minds?* He never did! He did not even tell them the argument was improper, but merely said they should disregard it because it has "no bearing on the issues to be here determined today."

It must be noted that the statute does not require one corrective action or the other — it requires *two* corrective actions by the court. First, the court *shall rebuke counsel,* and, in addition thereto, the court *shall by all needful and proper instructions to the jury endeavor to remove the improper impressions from the jury's mind.* These two clauses are connected by the conjunction "and," so that it is beyond peradventure that both (two) corrective actions by the court are required after improper argument to the jury by counsel. Here we do not have one corrective action by the court.

Code § 81-1009 has not been repealed by the new Civil Practice Act. Code Ann. § 81A-146 (b), deals with and enlarges these rights, and provides that motions for mistrial need not be renewed. But Code § 81-1009 is unrepealed and is the law of this state.

In *Berry v. State,* 10 Ga. 511 (6) the Supreme Court of Georgia held:

"For counsel to attempt surreptitiously to get before the jury, facts by *way of supposition,* which have not been proven, *is highly reprehensible* and the practice *should be instantly repressed by the court without waiting to be called upon by the opposite party."* (Emphasis supplied.)

In *Mitchum v. State,* 11 Ga. 615 (7), and at page 635, a somewhat similar proposition as that now under consideration was before the court, for that one of the attorneys in argument sought to attack the credibility of a witness without evidence in support, and Judge Nisbet, speaking for the Supreme Court, holds: "I know of no rule of law which authorizes the credibility of a witness to be impeached or fortified thus. . . He, as well as parties and counsel, has rights which *it is the duty of the Court to protect. It were a cruel injustice to permit his character to be driven to and fro like the shuttlecock, by the outside statements of counsel. . .* All these objections apply alike to criminal trials and civil actions — to the prosecuting officer and to counsel. . . Let the judgment be reversed." (Emphasis supplied.)

This court, in *DeFreese v. Beasley,* 114 Ga. App. 832 (3) (152 SE2d 772), holds: "Under the circumstances disclosed by this case the trial court erred, upon timely objection of defendant's counsel, in failing to rebuke plaintiff's counsel for his improper and prejudicial remarks about the use of drugs and poisonous moonshine whiskey, and in not endeavoring, by needful and proper instructions, to remove the improper impression such remarks may have created in the minds of the jurors, or, if the ill effect of the improper argument could not have been erased by this procedure, a mistrial should have been granted." Other cases which support this view in strong and clear language are: *Heard v. State,* 210 Ga. 108 (1) (78 SE2d 38) and *Georgia Power Co. v. Puckett,* 181 Ga. 386, 392 (182 SE 384). The trial court here should have granted a mistrial, or in the alternative, he should have *both* rebuked counsel *and* used such instructions as were needful to remove from the jury's mind any and all impressions created by the improper argument of counsel for defendant.

Both the Supreme Court and the Court of Appeals have repeatedly construed Code § 81-1009 to mean that when counsel makes prejudicial statements in the presence of the jury, the trial court may take *one action only,* and thus obviate the necessity of granting a mistrial. It has been held time and again that if the trial court instructs the jury to *disregard the improper statements,* this will suffice. But this is a clear misinterpretation

of the statute which *requires two actions,* to wit, 1. He shall rebuke counsel, *and* 2. By all needful and proper instructions to the jury (he shall) endeavor to remove the improper impression from their minds. And, of course, in his discretion, he may order a mistrial. The statute does not state or imply that the trial judge shall rebuke counsel, *or by all needful and proper instructions to the jury endeavor to remove the improper impressions from their minds.* There is nothing in the statute to suggest that one of the above actions will suffice. On the contrary, *both must be applied.* But the Supreme Court and Court of Appeals have repeatedly held that a rebuke to counsel, or a statement to the jury to disregard the improper remarks, will cure the error and make it unnecessary to grant a mistrial. A reading of the statute will show this construction and interpretation of the statute to be clearly erroneous.

2. Defendant urges that this point should not be considered because of plaintiff's failure to renew his motion for mistrial. Before the Civil Practice Act (Code Ann. § 81A-146 (b); § 46, CPA; Ga. L. 1966, pp. 609, 655) a motion for mistrial had to be renewed before it could be considered on review, but this is no longer the rule. *State Hwy. Dept. v. Cantrell,* 119 Ga. App. 241 (1a) (166 SE2d 604). Thus, where, as here, the court did not grant a mistrial, or rebuke counsel, and endeavor to remove the improper impression from the jury's minds, and only as an afterthought, later advised the jury to disregard the statement, this is altogether insufficient to remedy the damage.

*Judgment reversed. Bell, C. J., Pannell, Quillian and Clark, JJ., concur. Deen, J., concurs specially. Hall, P. J., Eberhardt, P. J., and Stolz, J., dissent.*

ARGUED JULY 9, 1973 — DECIDED DECEMBER 4, 1973 — REHEARING DENIED DECEMBER 18, 1973 —

*Roberts, Moore, Worthington & Hawkins, Owen G. Roberts, Jr., Samuel W. Worthington, III,* for appellant.

*Kelly, Champion, Denney & Pease, Edward W. Szczepanski, Jr.,* for appellees.

DEEN, Judge, concurring in the judgment. I do not agree with the suggestion in the dissenting opinion that mistrial is available only when the plaintiff's attorney is at fault, or with the suggested reason that this is so because, if the plaintiff desires a new trial, he can dismiss and refile of his own accord. I think this would

penalize a plaintiff and therefore be an invalid reason, but in examining the Code section and antecedent cases on which it is grounded, I find no such indication of intent. The emphasis lies elsewhere: on the extent of the trial court's duty and power to stop a trial and on his alternate duty on his motion to stop improper conduct on the part of counsel. In *Berry v. State,* 10 Ga. 511 (6) it was held: "For counsel to attempt surreptitiously to get before the jury, facts by *way of supposition,* which have not been proven, is highly reprehensible; and the practice should be instantly repressed by the Court without waiting to be called upon by the opposite party." Judge Lumpkin humorously observed that the reason for the court to interpose without waiting for an objection lies in opposing counsel's reluctance to expose himself to some scathing comment to the effect that the only the galled jade winces. Again in *Williford v. State,* 23 Ga. 1, he addressed himself to the problem of mistrials, pointing out that originally oppressive and odious means were used to keep juries together until a verdict could be wrung from them; that later a more enlightened rule was followed to the effect that a mistrial might be awarded whenever "from Providential cause or otherwise it became necessary," but that in the present day the question is to be left pretty much to the judge's discretion "under his responsibility to the country for any abuse of his authority." These seem to be the first statements in this state on the supervisory functions of the judge in a jury trial. In *Augusta & Summerville R. Co. v. Randall & Wife,* 85 Ga. 297, 321 (11 SE 706), where counsel insisted on arguing matters not in evidence, it was held: "It is the duty of the circuit courts, in jury trials, to interfere in all proper cases, *of their own motion* . . . and if counsel persevere in . . . appealing to prejudices foreign to the case in evidence, exception may be taken by the other side, which may be good ground for a new trial or for a reversal in this court"; this, although it is not recited that any motion for mistrial was made at the time.

From this and other cited pre-code cases, I gain a firm impression that the thrust of Code § 81-1009 is not to distinguish between counsel for plaintiff and defendant, but to place an affirmative duty on the trial judge to see that fair trial procedures are observed *without waiting for an objection* from opposing counsel. If this is so, it clears up the meaning of the last clause considerably ("or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender.") The meaning is that in such event the judge may declare a mistrial *in his discretion* whether or not the

defendant's attorney has requested it. This protects a defendant from an adverse verdict by a prejudiced jury. It would not, however, be reasonable for a judge *on his own motion* to declare a mistrial where the plaintiff had been hurt, for the plaintiff should still have the decision of whether to request the mistrial or go on and take his chances hoping for a verdict. I therefore think a proper construction of Code § 81-1009 is this: (a) the court has a fair trial duty to interpose and prevent counsel from making prejudicial and impermissible remarks *without waiting for an objection;* if the other party does object, he should, by rebuke to offending counsel, place it beyond that counsel's power to further injure objecting counsel by sarcastic comment, and (b) *in his discretion* (that is, without waiting to be called on to do so) if he feels the matter grave enough, and it is the plaintiff's counsel who is the offender, summarily stop the trial. It would be a backward and involuted reading of the code section which would engraft on it a prohibition against the court ever granting a mistrial on motion of counsel for the plaintiff, although as a matter of actual practice counsel for the plaintiff will not make such a motion unless he feels the situation desperate indeed.

In this case defendant's attorney in his opening statement said the plaintiff precipitated his injury intentionally in the course of a pattern of conduct — a pattern involving "many, many claims." There are ways to get such evidence before a jury in certain cases; nothing in this case at that time indicated it would be admissible here. If not admissible, it probably was grossly prejudicial, as indicated by the fact that plaintiff's counsel stated he did not want a mistrial but felt that he must have one although he had four doctors under subpoena. This being so, I concur in the judgment of reversal.

HALL, Presiding Judge, dissenting. 1. This case is controlled by Code § 81-1009 which limits the right to a mistrial only where "the plaintiff's attorney is the offender." See Georgia Practice and Procedure (3d Ed.), 201, § 17-6. Presumably this statutory restriction is based upon the premise that a plaintiff can always voluntarily dismiss his case. My personal predilection is like that of those in the majority who vote to reverse the judgment, i. e., that the right of mistrial should apply regardless of whether the offender is counsel for the plaintiff or the defendant. However, when the legislature has spoken by a statute, not declared to be unconstitutional, "the law on this question is not simply what the judges of this Court think the law *should be,* but what the General

Assembly has said it is." *Horton v. Brown,* 117 Ga. App. 47, 49 (159 SE2d 489). Therefore the plaintiff's enumeration of error No. 2, that the court abused its discretion in denying plaintiff's motion for mistrial is without merit.

2. There is another reason why this case should be affirmed. It also relates to a construction of Code § 81-1009 (the question of rebuke). The majority opinion is in direct conflict with recent decisions of the Supreme Court, to wit: *Spell v. State,* 225 Ga. 705 (171 SE2d 285) (a murder case); *McCluskey v. American Oil Co.,* 225 Ga. 63 (165 SE2d 830); *Miller v. State,* 224 Ga. 627 (163 SE2d 730).

The majority opinion holds that the above Code Section requires an express rebuke of counsel in front of the jury in addition to proper instructions to the jury to disregard the improper remarks. The Supreme Court, in a capital felony case, has held that instructions by the court to the jury to disregard the remarks "in effect amounted to a rebuke of counsel." *Spell,* supra, p. 709. Do we follow the Supreme Court or do we ignore their decisions and go our merry way? The trial courts are left in a dilemma, and the law is left in a state of confusion.

I am authorized to state the Presiding Judge Eberhardt and Judge Stolz concur in this dissent.