### 28672. COUNTS et al. v. MOOREHEAD.

UNDERCOFLER, Justice.

We granted certiorari to review the ruling of the Court of Appeals in *Moorehead v. Counts,* 130 Ga. App. 453 (203 SE2d 553). *Held:*

1. The Court of Appeals held that under Code § 81-1009 an improper remark of counsel required the trial court upon motion for mistrial to rebuke counsel *and* endeavor to remove the improper impression from their minds. These are not necessarily independent actions. This court has held that where the instruction by the court to the jury to disregard the remarks was full, it in

effect amounted to a rebuke of counsel. *Wells v. State,* 194 Ga. 70, 75 (20 SE2d 580); *Spell v. State,* 225 Ga. 705 (171 SE2d 285). But the improper statements may be so prejudicial that no instruction of the trial court can eradicate from the minds of the jurors their effect and the case must be retried. *Ga. Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384); *Hicks v. State,* 196 Ga. 671 (2) 673 (27 SE2d 307). The improper remarks in the instant case were so prejudicial that no corrective action by the trial court could eradicate their effect upon the jury. Therefore, we affirm the Court of Appeals judgment of reversal.

2. Code § 81-1009 referring to improper conduct by counsel and the duty of the court on objection to rebuke counsel and endeavor to remove the improper impression from the jurors' minds by proper instructions also states: "or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." After a careful review we have concluded that this provision of Code § 81-1009 regarding civil cases has been modified by Section 46 of the Civil Practice Act (Ga. L. 1966, p. 609) which provides: "Where motion for mistrial or other like relief is made, the question is thereby presented as to whether the moving party is entitled to the relief therein sought or to any lesser relief, and where such motion is denied in whole or in part, it shall not be necessary that the moving party thereafter renew his motion or otherwise seek further ruling by the court." Ga. L. 1966, pp. 609, 655; Code Ann. § 81A-146 (b). In our opinion the trial court in a civil case may, upon the motion of either party, grant a mistrial for improper remarks of counsel.

3. It follows that the Court of Appeals properly reversed the judgment of the trial court.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent from the ruling made in Division 1 and from the judgment of affirmance. Hall, J., disqualified.*

ARGUED APRIL 8, 1974 — DECIDED MAY 7, 1974.

*Kelly, Champion, Denney & Pease, Edward W.*

*Szczepanski, Jr.,* for appellants.

*Roberts, Moore, Worthington & Hawkins, Samuel W. Worthington, III,* for appellee.

GUNTER, Justice, dissenting.

I am in agreement with all the majority opinion except one sentence. That one sentence is as follows: "The improper remarks in the instant case were so prejudicial that no corrective action by the trial court could eradicate their effect upon the jury."

After the trial judge had overruled the plaintiff's motion for a mistrial based upon prejudicial remarks made in the presence of the jury by defendant's counsel, plaintiff's counsel then stated to the court in the presence of the jury: "we humbly accept, your Honor, respectfully accept." Although the transcript has the words spelled "accept" in both places, indicating that the plaintiff's attorney "accepted" the court's denial of his motion for a mistrial, I am inclined to believe that the plaintiff's attorney actually "excepted" to the overruling of his motion.

Nevertheless, defendant's counsel then resumed his opening statement and before concluding a single sentence the trial judge interrupted defendant's counsel and said: "Mr. Kelly, excuse me for interrupting you. I would like to instruct the jury in connection with the motion just made to disregard any mention of any prior claim. That would have no bearing on the issues to be here determined today. I did want to add that to my overruling of the motion for a mistrial." Following this interruption by the court defendant's counsel continued with his opening statement to the jury, and there were no further objections or exceptions taken as reflected by the transcript.

I am of the opinion that the corrective action taken by the trial judge in the entire context of the colloquy between the court and counsel for the parties was sufficient to eradicate any prejudicial statements that may have been made by counsel for the defendant. In any event, as I read this transcript, the judgment of the trial court following the trial should not be reversed solely on the basis of the trial judge not granting a mistrial at the

beginning of the case.

I think that the denial by the trial judge of a mistrial in this case was proper. I also think that the corrective action taken by the trial judge was adequate to permit the trial to proceed to verdict and judgment, and having so proceeded, the trial court's judgment should not now be reversed. I would reverse the judgment of the Court of Appeals which reversed the judgment of the trial court.

I respectfully dissent.