A90A1050. BYRNE et al. v. REARDON et al.

(397 SE2d 22)

PoPE, Judge.

Responding to an advertisement in a magazine, plaintiff Norris O. Reardon telephoned the offices of defendant American Truckers Services Association Inc., predecessor in interest to defendant American Insurance Services, Inc. (hereinafter "agency"). At trial Reardon testified he spoke with defendant James Byrne about obtaining insurance for his trucking company. Defendant agency processed plaintiff Reardon's application and obtained a policy of insurance covering his trucking company from plaintiff The Insurance Company of Pennsylvania. The agency accepted payment for the policy from plaintiff Reardon and forwarded its own check to a company which financed insurance premiums. On several occasions defendant agency forwarded accident reports from the insured to plaintiff insurance company. In March 1986 two lawsuits were served upon plaintiff Reardon for injuries allegedly sustained in a traffic accident involving one of Reardon's insured trucks. At the trial of the case now before us, Reardon testified he spoke by telephone with defendant Byrne about these lawsuits and Byrne represented to Reardon that he would "take care of it" if Reardon would mail them to him. Reardon sent the complaints to Byrne via certified mail and received a return receipt showing defendant agency received the complaints on March 28, 1986. In fact, the agency did not forward the complaints to the insurance company until June, after the lawsuits were already in default. Plaintiff insurance company settled the lawsuits for $72,500 and incurred attorney fees of $7,265.33.

The insurance company joined with its insured in bringing this action against defendants Byrne and the agency, alleging negligence and fraud. Defendants appeal from the jury verdict awarding Reardon $500 compensatory damages and $50,000 punitive damages and awarding the insurance company $80,000 compensatory damages and $22,500 attorney fees for bad faith and stubborn litigiousness.

1. Defendants' first enumeration of error asserts they were entitled to directed verdict on plaintiff Reardon's claim for actual damages. Reardon, himself, did not pay any part of the settlement of the personal injury action. Reardon testified he missed time from work in attending to the matter, costing him annual leave, but did not specify his lost wages. Thus, defendants argue he was not entitled to any award for actual damages. Though plaintiff failed to present evidence of special damages, the facts support the jury's verdict in favor of plaintiff and, therefore, some award of nominal, general damages is also supported. See *Avery v. K.I., Ltd.*, 158 Ga. App. 640 (281 SE2d 366) (1981); *Georgia Power Co. v. Womble*, 150 Ga. App. 28, 32 (3) (256 SE2d 640) (1979). Defendants were not entitled to a directed

verdict on plaintiff Reardon's claim for actual damages. See *Ackley v. Strickland*, 173 Ga. App. 784 (328 SE2d 549) (1985)

2. The trial court's denial of defendants' motion for directed verdict on plaintiff Reardon's claim for attorney fees was harmless error since the jury did not award attorney fees to Reardon. See *Ramsey Brick Sales Co. v. Outlaw*, 152 Ga. App. 37 (4) (262 SE2d 227) (1979).

3. Defendants next argue they were entitled to directed verdict on plaintiff Reardon's claim for punitive damages. Having ruled in Division 1, above, that Reardon was entitled to recover the jury's award for nominal damages, defendants' argument that punitive damages cannot be awarded where no actual damages are shown thus fails. We reject defendants' argument that punitive damages are not recoverable in this case because plaintiffs' damages arose out of a breach of contract. Exemplary damages are not allowable in cases arising on contracts, but where the gravamen of the action is the negligent breach of duty owed by defendant to plaintiff, the case does not sound in contract. Plaintiffs' amended complaint alleged negligence, breach of fiduciary duty and fraud. Although defendants denied plaintiffs' allegations, sufficient evidence was presented from which the jury could find wilful or wanton misconduct in the handling of Reardon's claim. Punitive damages may be awarded for the wilful or wanton negligent acts of an insurance agent. See *Speir Ins. Agency v. Lee*, 158 Ga. App. 512, 514 (3) (281 SE2d 279) (1981). The trial court did not err in denying defendants' motion for directed verdict on plaintiff Reardon's claim for punitive damages.

4. Neither did the trial court err in denying defendants' motion for directed verdict on the claims of plaintiff insurance company. Defendants argue they acted only on behalf of Reardon, the insured, and were not agents of the insurance company. While an independent insurance agent or broker is normally considered the agent of the insured, it can also be a dual agent for both the insurer and the insured. See *National Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281 (2) (304 SE2d 458) (1983). Evidence was presented that the agency collected premium payments from the insured, issued a notice of policy expiration and prepared accident notices for this and other accidents reported by the insured showing the agency as the "producer." Under the circumstances of this case it cannot be said that the agency owed no duty to the insurance company to use reasonable care to forward suit papers from the insured in a timely manner.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Fierman & Noland, Martin L. Fierman,* for appellants.
*Darroch & Obenshain, Robert M. Darroch, Jay L. Drew, Cynthia*

*B. Smith*, for appellees.