A90A2072. STONER et al. v. EDEN.
(404 SE2d 283)

BEASLEY, Judge.
The trial of the suit of Isabel and John Stoner against Dr. Samuel Eden for medical malpractice, individually and in his corporate capacity, ended in a verdict in favor of Dr. Eden. The Stoners enumerate as error the court's denial of their motion for mistrial and their motion for sanctions against defendant's counsel. Both motions were based on remarks made by counsel in closing argument relating to plaintiffs' attorneys' share in the proceeds of any judgment awarded to plaintiffs.

At trial the Stoners attacked the credibility of Dr. Eden by, among other things, calling a rebuttal witness who suggested that Dr. Eden would and did say whatever was necessary to protect himself. In closing argument, Dr. Eden's counsel, Ballard, stated: "Dr. Eden is not a liar, and I resent it that Mr. Simmons with this light show and these word games would suggest that to you. That's to inflame your passions so you will go in the jury room and render a punitive verdict in this case, and his piece will be just a little bit bigger and a little bit

bigger, and the higher it goes the higher the fee. Dr. Toliver will get a piece, and Morton Sherzer, who is sitting in the back with the yellow tie, he will get a piece of that pie, too." Simmons, the Stoners' attorney, objected generally. Ballard responded: "He's got a contingent interest in the case, Judge."

The court called a bench conference, during which Simmons suggested that Ballard knew he had lost the case and was intentionally making improper statements to force a mistrial. Simmons moved orally for a mistrial, and the court reserved ruling until after the jury returned its verdict.

Following the bench conference, the court instructed the jury: "Members of the jury, I ask you to disregard the last remark made by counsel." After deliberating for approximately 30 minutes, the jury returned a verdict in favor of Dr. Eden.

The Stoners supplemented their motion for mistrial by filing a motion for sanctions. After submission of briefs and a hearing, the court ruled: "While this court is of the opinion that Mr. Ballard's remarks concerning the 'piece of that pie' that plaintiffs' counsel would receive, and related remarks, were improper, the remarks were not so prejudicial as to warrant a mistrial or sanctions." Accordingly, it denied both motions.

1. We are first concerned with an application of OCGA § 9-10-185.

Dr. Eden's position is that it is not improper for defense counsel to comment on the existence of a contingent-fee contract between plaintiffs and their counsel, citing the line of decisions holding that "what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment." *Adkins v. Flagg*, 147 Ga. 136, 137 (2a) (93 SE 92) (1917); *Miller v. Coleman*, 213 Ga. 125, 130 (97 SE2d 313) (1957); *Walker v. Bishop*, 169 Ga. App. 236, 241-242 (8) (312 SE2d 349) (1983).

The Stoners' position is that remarks by defense counsel informing the jury that opposing counsel was representing plaintiffs on a contingent-fee basis were improper and prejudicial. They analogize the line of decisions holding that evidence that the defendant is protected by liability insurance is inadmissible, in that it is calculated to suggest to the jury that any damages would be paid by an insurance company and not the defendant. *Minnick v. Jackson*, 64 Ga. App. 554, 560 (13 SE2d 891) (1941), and cits.

On the other hand, Dr. Eden suggests that under the rationale of cases exemplified by *Minnick*, supra, informing the jury of the existence of a contingent-fee contract between plaintiffs and their counsel is actually beneficial to the plaintiffs, in that it has the tendency to inflate damages by telling the jury that not all money awarded to the

plaintiffs will end up in their pockets. See *Georgia Power Co. v. Redman*, 137 Ga. App. 427, 428 (2) (224 SE2d 477) (1976). Coming as it did from the mouth of defendant's counsel, however, it would not reasonably be taken as a plea to inflate an award but rather to suggest that the suit was manufactured. In the context made, the remarks would more likely prejudice the jurors against the plaintiffs, based on the same notions that underlie the proscription against champerty. See *Rhoades v. El Paso & S. W. Ry. Co.*, 248 SW 1064 (27 ALR 1048) (Tex. Com. App. 1923); 58 AmJur2d 188, New Trial, § 139 (1989).

Defense counsel's remarks were totally improper, an instance against which Justice Lumpkin, writing for the Court long ago, warned: "But let nothing tempt them to pervert the testimony, or surreptitiously array before the Jury, facts which, whether true or not, have not been proven." *Berry v. State*, 10 Ga. 511, 523 (1851).

What made it worse here was that the remarks had no relevance to any issue of liability or damages in the case. In this state, the law does not require losing defendants to pay plaintiffs' attorney fees, except in certain circumstances expressly provided for by statute. An example is where defendant acted in bad faith, or was stubbornly litigious, or caused unnecessary trouble and expense. OCGA § 13-6-11. Consequently, a jury may not generally consider plaintiff's attorney fees when awarding damages. It would be improper for a jury to increase the award so as to cover these expenses, just as it would be improper to refuse a just award because an attorney would share in it. The source of payment of attorney fees is irrelevant to the issue of damages. Evidence of it would be inadmissible, and argument on it is doubly wrong. It is not a "subject of legitimate concern" within the scope contemplated in *Adkins*, supra.

2. "The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. [Cits.] Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with." *Atlantic C. L. R. Co. v. Smith*, 107 Ga. App. 384, 387 (6) (130 SE2d 355) (1963); *Firestone Tire & Rubber Co. v. King*, 145 Ga. App. 840, 843 (2) (244 SE2d 905) (1978); see *Hudgins Contracting Co. v. Smith*, 54 Ga. App. 687, 692-694 (3) (188 SE 732) (1936); compare *John J. Woodside Storage Co. v. Reese*, 105 Ga. App. 602, 603-604 (6) (125 SE2d 556) (1962); *Moorehead v. Counts*, 130 Ga. App. 453, 455-457 (1) (203 SE2d 553) (1973), aff'd *Counts v. Moorehead*, 232 Ga. 220 (206 SE2d 40) (1974). *Banks v. Lewis*, 187 Ga. App. 218 (2) (369 SE2d 537) (1988), is another case in which defense counsel's statements prompted a motion for mistrial.

"Whether the court takes sufficient steps to remove the improper matter from the mind of the jury is frequently a question of degree to

be decided under the circumstances of the case." *Howard v. Renfroe,* 93 Ga. App. 59, 62 (4) (90 SE2d 598) (1955).

Under the circumstances of this case, we cannot say that the plaintiffs were deprived of a fair and impartial jury so that the trial court abused its discretion as a matter of law in denying the Stoners' motion for mistrial, although there should have been a more explicit rebuke of counsel. See *Counts,* supra, 232 Ga. 220, 221. We consider the remarks in light particularly of their nature, the court's instruction, the length of the trial, the short period of deliberation, and the verdict. The circumstances do not make it reasonably doubtful that the remarks affected or infected the verdict, that the jurors or any of them were biased or prejudiced against plaintiffs on this account.

Moreover, since the verdict favored defendant on the question of liability, issues as to the amount of damages, addressed by the improper remarks, were not reached by the jury thus no harm resulted. *Williams v. Ricks,* 152 Ga. App. 555, 559 (3) (263 SE2d 457) (1979).

3. Citing OCGA §§ 15-1-3 and 15-1-4, and *Urban Medical Hosp. v. Seay,* 179 Ga. App. 874 (348 SE2d 315) (1986), by way of comparison, appellants contend that the trial court erred in denying their motion for litigation expenses and attorney fees as sanctions for defense counsel's knowingly and intentionally making improper remarks to the jury in this case.

The imposition of sanctions in accordance with the foregoing statutory provisions requires the exercise of discretion. See *Jackson v. State,* 225 Ga. 553 (170 SE2d 281) (1969); *Reid v. McRae,* 190 Ga. 323 (9 SE2d 176) (1940). The denial of the sanctions requested did not constitute abuse.

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 26, 1991 —
REHEARING DENIED MARCH 13, 1991 —

*Simmons & Toliver, James C. Simmons, Jr., A. Leroy Toliver,* for appellants.
*Allen & Ballard, William L. Ballard,* for appellee.