## S95A0351. BAKER v. MILLER et al.

(458 SE2d 621)

THOMPSON, Justice.

Defendant Karen R. Baker obtained a building permit from Fulton County to construct a 5,000 square foot home on a two-acre parcel adjoining the home property of plaintiffs Jonathan and Ilene Miller. After Baker constructed a home in excess of 15,000 square feet, silt-laden water flowed onto the Millers' property causing soil erosion and diminution in property value. The Millers brought suit alleging that Baker failed to comply with Fulton County zoning ordinances regarding height, drainage and erosion restrictions, and with certain subdivision covenants. They obtained a jury verdict for $6,000 in compensatory damages, $26,000 in attorney fees under OCGA § 13-6-11, and relief in the nature of a mandatory injunction ordering Baker to construct certain improvements to the drainage system and to comply with certain subdivision covenants.[1] We affirm.

1. During the plaintiff's case-in-chief, it was brought to the court's attention that certain jurors had commented to one another concerning the strength of the plaintiff's case. The jurors were individually questioned and each confirmed that any comment made or heard would not affect his or her ability to consider the case impartially. The court dismissed the juror who had apparently initiated the discussions and admonished the others not to discuss or comment on the case until instructed to do so. The trial court did not abuse its discretion in failing to grant Baker's motion for mistrial.[2]

2. Baker asserts that the $26,000 award of attorney fees under OCGA § 13-6-11 should be set aside because of a disparity between the damages sought and the damages awarded, and because the award of attorney fees is more than four times greater than the award of compensatory damages.

The Millers specified in the pre-trial order that their claim for expenses of litigation, including attorney fees, was "necessitated by the bad faith, stubborn litigiousness and unnecessary expense and delay caused to them by the Bakers . . . ." At trial they introduced evidence of bad faith by demonstrating a series of misrepresentations by Baker at the zoning hearing. Thus, there was evidence upon which the jury could have found bad faith arising out of the transaction on which the cause of action is predicated. An award of attorney fees supported by any evidence must be affirmed.[3]

---

[1] The Millers also named Fulton County and certain county directors as defendants in this action, and obtained judgment against the County. The County is not involved in this appeal.

[2] *Lee v. State*, 258 Ga. 481, 483 (3) (371 SE2d 389) (1988).

[3] See *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80 (390 SE2d 31) (1990). Compare *General Refractories Co. v. Rogers*, 240 Ga. 228, 235 (2) (239 SE2d 795) (1977)

3. The verdict and judgment requiring Baker to comply with certain subdivision covenants, as well as a $6,000 award for nuisance abatement were supported by the evidence and will not be set aside.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in the judgment only as to Division 2.*

DECIDED JUNE 29, 1995.

*Crumbley & Chafin, R. Alex Crumbley, James T. Chafin III*, for appellant.

*Clarence Johnson, Jr., Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., Jeffery T. Coleman*, for appellees.

---

("[g]reat disparity between demand and verdict alone may defeat an award of attorney fees under [former OCGA § 13-6-11] when bottomed on a stubbornly litigious theory").