A00A0355. HENDON v. SUPERIOR ROOFING COMPANY OF GEORGIA, INC.
(528 SE2d 548)

McMURRAY, Presiding Judge.

Appellant-defendant G. H. Hendon, Jr. entered into a contract with appellee-plaintiff Superior Roofing Company of Georgia, Inc. ("Superior") for the installation of a new roof at his residence. A dispute over the work done arose between the parties. Thereafter, Superior filed its complaint seeking payment for the installation of the roof, attorney fees, and the expenses of litigation under OCGA § 13-6-11 and a lien on Hendon's home. After deposing Hendon, Superior added a claim for fraud to its complaint. Hendon filed his answer and counterclaim seeking damages for negligent construction, personal injury, and attorney fees. Following the close of Superior's evidence, the trial court denied Hendon's motion for directed verdict as to Superior's fraud claim, finding "overwhelming" and "crystal clear" evidence showing that Hendon's purpose had consistently been to avoid paying for the repairs to his roof. At the close of the evidence, the trial court granted Superior's motion for directed verdict as to Hendon's claim for attorney fees under OCGA § 13-6-11. The jury returned its verdict, awarding Superior $7,725 plus $800 prejudgment interest on its contract claim, $1,013 in quantum meruit damages, $12,000 as attorney fees and expenses of litigation and finding for Hendon as to Superior's fraud count. Additionally, the jury awarded Hendon $2,500 upon his counterclaim for negligent construction and found for Superior as to Hendon's counterclaim for personal injury. Hendon appeals the trial court's orders granting final judgment on the verdict and denying his motions for new trial upon the general grounds and judgment notwithstanding the verdict ("j.n.o.v.") as to the jury's award of attorney fees to Superior. *Held:*

1. Hendon contends that the trial court erred in denying his motion for j.n.o.v. as to the award of attorney fees to Superior under OCGA § 13-6-11. We disagree.

Superior specified in its complaint that its claim for attorney fees and expenses of litigation was necessitated in that "[Hendon] has been stubbornly litigious, has acted in bad faith, or has caused [Superior] unnecessary trouble and expense in obtaining an attorney and pursuing a lawsuit in this matter." At trial, Superior presented evidence of bad faith by showing, among other things, that Hendon accused Superior of defrauding him by putting 15-pound felt on his

roof in lieu of 30-pound felt though the roof replacement contract specified that 15-pound felt be used[1] and that Hendon, despite making numerous promises to pay, refused to pay for services rendered when work was complete based on a deficiency list prepared and initialed in his handwriting though purporting to be the work product of a paid roof inspector. Thus, there was evidence on which a jury could have found bad faith arising out of the contract for the new roof on which the cause of action was based. See *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 218 (5) (489 SE2d 329) (threatening to withhold payment absent the submission of revised plans as evidence of bad faith). Moreover, attorney fees can be awarded on a claim for bad faith in the performance of a contract despite the failure of plaintiff's fraud count arising out of the transaction. *Johnson v. Waddell*, 193 Ga. App. 692, 693 (2) (388 SE2d 723). "An award of attorney fees supported by any evidence must be affirmed." *Baker v. Miller*, 265 Ga. 486 (2) (458 SE2d 621). See *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31); compare *Gen. Refractories Co. v. Rogers*, 240 Ga. 228, 235 (2) (239 SE2d 795). Accordingly, the trial court did not err in denying Hendon's motion for j.n.o.v. *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 268 (1) (416 SE2d 274) ("The court must construe the evidence most favorably towards the party opposing the motion. The standard for appellate review of a directed verdict is the 'any evidence' test. *Southern R. Co. v. Lawson*, 256 Ga. 798, 800 (353 SE2d 491) (1987).").

2. The trial court did not err in allowing Superior's president to testify on direct examination that Superior had filed no lien claims or lawsuits. When counsel asked Superior's president if Superior had previously filed any lien claims, Hendon objected on the basis of lack of relevance alone. "[I]t is well settled that a general objection of this nature is insufficient to present any question . . . on appeal. See, e.g., *Sikes v. Folsom Constr. Co.*, 151 Ga. App. 630 (2) (260 SE2d 755) (1979)." *Telligman v. Monumental Properties*, 172 Ga. App. 783, 784 (3) (323 SE2d 888). Moreover, assuming arguendo that this testimony would otherwise have been objectionable, Hendon's failure to interpose a further objection when counsel for Superior asked the witness if Superior had filed any previous lawsuits waived any error as to the first objection. *Steverson v. Hosp. Auth. of Ware County*, 129 Ga. App. 510, 514 (2) (a) (199 SE2d 881); accord *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806). Additionally, because Hendon's sole objection was not interposed as a continuing objection, it did not preserve for review the admissibility of Superior's president's testimony indicating that Superior had not filed earlier lawsuits. Id.

---

[1] Superior installed 30-pound felt in order to resolve the dispute.

3. Finally, Hendon contends that the trial court erred in denying his motion for directed verdict on Superior's claim that Hendon fraudulently induced its performance under the contract upon false promises to pay for roofing services provided. Pretermitting the question of whether the trial court erred in denying Hendon a directed verdict as to Superior's fraud claim in the case sub judice is Hendon's inability to demonstrate any harm inuring to his detriment in light of the jury's failure to find fraud. See *Byrne v. Reardon*, 196 Ga. App. 735, 736 (2) (397 SE2d 22); *Williams v. Runion*, 173 Ga. App. 54, 56 (1) (325 SE2d 441) (error in denying directed verdict on fraud claim harmless where jury does not find fraud). Accordingly, we deem this enumeration of error to be without merit.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JANUARY 20, 2000 —
RECONSIDERATION DENIED FEBRUARY 10, 2000.

*McCurdy & Stone, W. Phillip McCurdy III, David S. Walker, Jr.,* for appellant.

*Beloin & Associates, Frederic S. Beloin, Charles W. Brown, Crim & Bassler, Thomas S. Bechtel,* for appellee.