A00A1215. RUNION et al. v. HOFER et al.
(538 SE2d 462)

PHIPPS, Judge.

Dissatisfied with the construction of their new home, John and Carolyn Hofer sued the builders, Sherry Runion and Calvin Bill Runion. The Hofers asserted claims for breach of contract, breach of express and implied warranties, negligence, gross negligence, negligence per se, and fraud.[1] They sought punitive damages, the costs of litigation, and damages for bad faith and stubborn litigiousness.[2] The jury awarded the Hofers $18,000 in actual damages and $15,000 for attorney fees and expenses of litigation. In this appeal, the Runions contest only the latter award, claiming that evidence of bad faith was lacking and that the trial was impermissibly tainted by remarks improperly uttered during closing argument. We disagree and affirm.

---

[6] (Citation omitted.) *Bentley v. State*, 261 Ga. 229, 230 (2) (404 SE2d 101) (1991).

[1] Prior to jury deliberations, the fraud claim was dismissed except for a claim of passive concealment against Sherry Runion.

[2] In a consent order entered a few days before trial, the Hofers agreed to dismiss their claims for punitive damages.

1. The Runions contend that the trial court erred by denying their motion for directed verdict on the Hofers' claim for attorney fees because no evidence was presented to support that claim. They claim that because a bona fide controversy between the parties existed and because the record "clearly demonstrated" that they acted in good faith, attorney fees could not be awarded.

When a defendant has acted in bad faith, a jury may award attorney fees under OCGA § 13-6-11.[3] Attorney fees can be awarded on a claim for bad faith in the performance of a contract regardless of the existence of fraud.[4] Bad faith may be found in a defendant's execution of the provisions of a contract, "that is, in how [a] defendant acted in his dealing with the plaintiff."[5] An award of attorney fees supported by any evidence must be affirmed.[6]

In this case, keenly aware of the one-year warranty for their new home, the Hofers sought to have certain construction defects rectified. At trial, the Hofers presented evidence showing, among other things, that the home had been defectively constructed in that water gained entry through defective vinyl siding, that the garage slab was failing due to improper soil compaction, and that the Runions either refused to make the necessary repairs or did so superficially or improperly. Carolyn Hofer testified that despite notice to Sherry Runion that water was continually leaking into her daughter's bedroom, the problem remained uncorrected for five years. She detailed numerous construction problems that the Runions failed to correct. The Hofers offered expert testimony about defects in the original construction and about cursory and inadequate repairs which deviated from industry standards and building codes.

Some of this evidence would have authorized the jury to find bad faith by the Runions in the performance of their contract with the Hofers, regardless of whether the jury decided that Sherry Runion had passively concealed certain construction defects.[7] On a special verdict form that asked, "Do you, the Jury, find by a preponderance of the evidence presented in this trial that either or both of the Defendants have acted in bad faith in their transaction and dealings with Plaintiffs?", the jury found bad faith on the part of both Runions.[8] Because the record contains some evidence to support the

---

[3] *Parks v. Breedlove*, 241 Ga. App. 72 (1) (526 SE2d 137) (1999).

[4] *Hendon v. Superior Roofing Co.*, 242 Ga. App. 307, 308 (1) (528 SE2d 548) (2000).

[5] (Punctuation omitted.) *Tattersall Club Corp. v. White*, 232 Ga. App. 307, 312 (2) (501 SE2d 851) (1998).

[6] *Baker v. Miller*, 265 Ga. 486 (2) (458 SE2d 621) (1995).

[7] See *Jennings v. Smith*, 226 Ga. App. 765, 767 (2) (487 SE2d 362) (1997).

[8] The Runions did not object to this special verdict form during the charge conference. The complete jury instruction does not appear to have been included in the record. A failure to object to the verdict form waives any issue relating to it on appeal. *KDS Properties v.*

jury's explicit finding of bad faith, the attorney fees awarded on that basis must be affirmed.[9]

2. The Runions contend that the trial court erred in denying their motion for mistrial after opposing counsel engaged in improper argument that inflamed the jury.

After the jury found for the Hofers on the issue of actual damages, the court permitted additional argument about attorney fees. During his closing, counsel for the Hofers argued:

> And then after all of that was said and done, after they had gotten the expert's report that showed things very specifically that were wrong with this house in June of 1996, to ignore that letter — that was not a letter saying "Send us money." It was not a letter saying, "You owe us $60,000.00." It was not asking for money. It was simply asking, "Let us know within ten days if you will come and fix this house. Otherwise you stand the risk of a lawsuit, and if we do that, we want you to know — I'm putting you on notice that if we have to go to that expense, we're going to seek those expenses of litigation." That letter was totally ignored, there was no response.

The Runions objected and moved for a mistrial, which was denied.

The Hofers' counsel then urged, "[Bad faith] is what caused us to be here this week and for the Hofers to be involved in this litigation." The Runions again objected and moved for a mistrial. The trial court immediately issued a curative instruction that, in essence, advised the jury that in the context of attorney fees, bad faith does not refer to one's motive for defending a suit after a cause of action has already arisen. The court denied the Runions' renewed motion for a mistrial.

The Runions correctly argue that "bad faith" within the meaning of OCGA § 13-6-11 does not encompass bad faith in defending or resisting a claim after the cause of action has already arisen.[10] But, unlike in *Stuckey*, upon which they rely, here there is sufficient evidence of bad faith "connected with the transaction and dealings out of which the cause of action arose."[11]

A trial court's ruling on a motion for mistrial will not be disturbed except when it is determined that the court manifestly abused its broad discretion.[12] Moreover, "[u]nless it is apparent that a mis-

---

*Sims*, 234 Ga. App. 395, 399-400 (4) (506 SE2d 903) (1998).

[9] *Baker*, supra, 265 Ga. at 486 (2).

[10] *Smith v. Stuckey*, 233 Ga. App. 103, 107 (3) (503 SE2d 284) (1998).

[11] (Punctuation omitted.) Compare id.

[12] *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 482 (9) (491 SE2d 909) (1997).

trial [was] essential to [the] preservation of the right [to a] fair trial, the discretion of the trial judge will not be interfered with."[13] Here, the trial court correctly stated the law to rectify immediately any potential misperception by the jury. In these circumstances, we cannot say that the trial court manifestly abused its discretion in denying the motion.[14]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 15, 2000 —
RECONSIDERATION DENIED SEPTEMBER 12, 2000

*R. Keith Prater*, for appellants.
*Charles F. Peebles, Lane R. Frostbaum*, for appellees.

---

[13] (Punctuation omitted.) *Stoner v. Eden*, 199 Ga. App. 135, 137 (2) (404 SE2d 283) (1991).

[14] Id. at 137-138.