A03A2468. BOWEN TREE SURGEONS, INC. et al. v. CANAL INDEMNITY COMPANY.
(591 SE2d 415)

BLACKBURN, Presiding Judge.

In this case regarding the availability of corporate insurance coverage for a vehicle collision, Bowen Tree Surgeons, Inc. and George Bowen, individually, (collectively "Bowen") appeal the trial court's grant of summary judgment to Canal Indemnity Company ("Canal"), contending that questions of fact remain whether Canal was properly notified of the claim in question herein. Specifically, Bowen contends that it gave notice to Yeomans & Associates Agency, Inc. that Yeomans was a dual agent of Canal rather than an independent agent acting on its own, and that, as such, Canal received proper notice of the claim through its agent. For the reasons set forth below, we find that questions of fact remain regarding Yeomans' relationship with Canal and reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable con-

---

clusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that, from December 2000 through November 2001, Bowen purchased two insurance policies through Yeomans, an independent insurance agency: (1) a motor vehicle policy with Auto Owners Insurance Company covering Bowen's fleet of business vehicles and (2) a corporate general liability policy with Canal. Over the course of their relationship, Bowen delivered premium checks made payable to Yeomans, and Yeomans, in turn, submitted payments to the insurance companies from its own account. In addition, Yeomans also accepted claims made by Bowen on his insurance policies and then forwarded these claims to the appropriate insurance agency.

On December 18, 2000, Michael S. Black, an off-duty employee of Bowen driving his personal vehicle, was involved in a collision with Joel and Brenda Cowart. Following the accident, the Cowarts sued both Black and Bowen. Bowen delivered notice of this suit to Lisa Bertoch, a Yeomans employee, who informed Bowen that she would handle the matter. Bertoch then sent notice of the suit to Auto Owners, but not Canal. Although Bowen did not have copies of the insurance policies, Bertoch surmised that, if there was any coverage for the accident, it was with Auto Owners and not Canal.

Auto Owners rejected the claim submitted by Bertoch on Bowen's behalf and issued a letter to Bowen and Yeomans instructing that, as there was no coverage, Bowen would need to file an answer to the Cowarts' lawsuit. Believing that coverage was available under the Canal policy and that Bertoch was handling the matter as promised, Bowen did not answer the lawsuit, and a default judgment was entered in favor of the Cowarts. Canal was never given direct notice of the lawsuit prior to the time the default judgment was entered.

Subsequent to default, Bowen filed suit against Yeomans and Canal, contending that Yeomans negligently failed to notify Canal of the pending lawsuit and that Canal was obligated to defend the lawsuit and provide insurance coverage. Bowen then filed a motion for summary judgment, and Canal filed a countermotion for the same. The trial court denied Bowen's motion and granted Canal's, finding that, as a matter of law, Bowen had failed to prove that Yeomans was an agent of Canal and that Canal had never been properly notified of

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

the suit, thereby extinguishing any liability that it might have. Bowen now appeals this ruling.

For purposes of this appeal, the question now before us is whether the record, viewed in the light most favorable to Bowen, raises a question of fact whether Yeomans acted as an agent of Canal such that Yeomans' notice of the lawsuit may be attributed to Canal as its principal.

In answering this question, *Byrne v. Reardon*[2] is instructive. In *Byrne*, both the insured and the insurer brought an action against the insurance agency and its agent alleging, among other things, that the insurance agency and agent negligently failed to timely forward claims to the insurer, resulting in a default judgment against the insured. The insurer, which apparently did not contest the efficacy of the insured's claim, later settled the lawsuit on the insured's behalf. In response to the subsequent suit brought against it by the insurer and the insured, the insurance agency argued that it could not be held liable to the insurer for failing to convey notice of the claim, contending that it acted only on behalf of the insured and not the insurer.

In rejecting this argument, we held:

> While an independent insurance agent or broker is normally considered the agent of the insured, it can also[, depending on the specific facts of each case,] be a dual agent for both the insurer and the insured. See *National Property Owners Ins. Co. v. Wells.*[3] Evidence was presented that the agency collected premium payments from the insured, issued a notice of policy expiration and prepared accident notices for this and other accidents reported by the insured showing the agency as the "producer." Under the circumstances of this case it cannot be said that the agency owed no duty to the insurance company to use reasonable care to forward suit papers from the insured in a timely manner.

*Byrne*, supra at 736 (4).

Applying this precedent here, a question of fact remains whether Yeomans owed some duty to both Bowen and Canal regarding notification of the lawsuit. Unfortunately, however, *Byrne* is not dispositive of the specific question now before us because, although it creates a duty for the insurance agency to notify the insurer of claims in certain situations, it does not directly hold that an insurance

---

[2] *Byrne v. Reardon*, 196 Ga. App. 735 (397 SE2d 22) (1990).
[3] *Nat. Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281, 282 (2) (304 SE2d 458) (1983).

agency in such a situation acts as an agent of the insurer for purposes of notice.

Nonetheless, the premise underlying *Byrne*, namely that a fiduciary relationship may arise between an otherwise independent insurance agency and an insurer when the insurance agency customarily accepts premiums and claims on the insurer's behalf, supports a conclusion that, by allowing this custom and initiating reliance on the insurance agency, the insurer, in turn, vests the insurance agency with certain authority on its behalf. In essence, the duty imposed upon the insurance agency to forward notice of suits could not exist unless the insurance agency, through the custom, had also received at least some limited authority to receive such notice.

In this case, as in *Byrne*, supra, the record shows that Yeomans customarily accepted premiums and notices of claims on Canal's behalf, and there is no indication that Canal ever voiced any objection to this custom. Accordingly, under the rationale of *Byrne*, we must find that, in this case, questions of fact remain regarding Canal's relationship with Yeomans and, specifically, the extent of Yeomans' ability to accept notice of claims on Canal's behalf as a fiduciary and as a dual agent. Therefore, we must reverse the trial court's grant of summary judgment to Canal which was narrowly based on the issue of notice.

In reaching this conclusion, we note, however, that, in issuing its ruling on Canal's motion for summary judgment, the trial court did not address Canal's arguments that Canal owed no coverage to Bowen under the explicit terms of the insurance policy. As this issue may prove dispositive of Bowen's claims against Canal, we instruct the trial court to reach this issue on remand.

*Judgment reversed and case remanded with direction. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 21, 2003 —
RECONSIDERATION DENIED DECEMBER 3, 2003.

*Bell & Bell, David B. Bell, Sharon B. Enoch, Michael J. Moses,* for appellants.

*Crim & Bassler, Harry W. Bassler, William J. Mueller,* for appellee.