[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

_____

No. 10-13746

_____

D.C. Docket No. 1:08-cv-01010-TCB

CIRCLE Y CONSTRUCTION, INC.,

Plaintiff-Appellee,

versus

WRH REALTY SERVICES, INC.,
WRH HIDDEN COLONY LLLP,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2011)

Before TJOFLAT, WILSON and RIPPLE,[*] Circuit Judges.

PER CURIAM:

---

[*] Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

Circle Y Construction, Inc. ("Circle Y") brought this diversity action against WRH Hidden Colony LLLP ("Hidden Colony") and WRH Realty Services, Inc. ("WRH Realty") to recover compensation for work performed. After a bench trial, the district court returned a verdict in favor of Circle Y on all claims and awarded damages and attorney's fees. After examination of the record, study of the briefs and hearing counsel on oral argument, we affirm the judgment of the district court.

**A.**

Following a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo. Proudfoot Consulting Co. v. Gordon, 576 F.3d 1223, 1230 (11th Cir. 2009).

The district court made factual findings, which the defendants do not challenge on appeal. These factual findings, as well as the procedural history of the case in the district court, are set forth fully in Circle Y Construction, Inc. v. WRH Realty Services, Inc., 721 F. Supp. 2d 1272 (N.D. Ga. 2010). Notably, the district court found that "Circle Y's [witnesses] were highly credible and that Defendants' witnesses were evasive and to a certain extent not credible." Id. at 1278. The defendants do not challenge these credibility determinations.

2

## 1.

Hidden Colony maintains that the disputed work performed by Circle Y was outside the scope of the written contract and that, therefore, any modifications required a written change order approved by Grahame Brown, the vice president of construction services at WRH Realty and the only person authorized, by the terms of the contract, to negotiate on Hidden Colony's behalf.

The district court correctly held, however, that parties to a contract can waive strict adherence to conditions through their subsequent representations or course of conduct.[1] Ample evidence supports the district court's determination that Hidden Colony waived the formal requirements for modifying the scope of the written contract. Shortly after signing the contract, Brown asked Circle Y to perform work outside the scope of the contract without a written change order, and Circle Y was paid for this work. Moreover, although Waldy Sanchez, a regional director for WRH Realty, kept Brown informed of additional work requests being made, Brown never attempted to stop the additional work, to require a written change order or to tell his subordinates to stop requesting additional work.

---

[1] See Caribbean Lumber Co. v. Anderson, 205 Ga. App. 415, 422 S.E.2d 267, 269 n.1 (1992); J.E.M. Enters., Inc. v. Taco Pronto, Inc., 145 Ga. App. 573, 244 S.E.2d 253, 255 (1978); State Highway Dep't v. Wright Contracting Co., 107 Ga. App. 758, 131 S.E.2d 808, 812-13 (1963).

The defendants also submit that the WRH Realty employees who made additional work requests were without authority to bind Hidden Colony. This contention is without merit. Hidden Colony designated Brown as its agent in administering the contract. Brown thus had actual authority to bind Hidden Colony, and Brown himself made some of the additional work requests. Brown also placed Sanchez in charge of supervising Circle Y's work. Sanchez, in turn, authorized two other WRH employees to make additional work requests. Sanchez kept Brown informed of the work requests made by himself and the other two WRH Realty employees, and Brown did nothing to stop them. The record supports a finding that Brown, acting within his actual authority, thereby ratified and authorized the actions of those WRH Realty employees who were acting as agents for him. See O.C.G.A. § 10-6-52; see also Merritt v. Marlin Outdoor Adver., Ltd., 298 Ga. App. 87, 679 S.E.2d 97, 102 (2009) (noting that whether ratification occurred is a question of fact). Accordingly, the district court did not err in finding that the additional work requests made by the WRH Realty employees bound Hidden Colony. The defendants' course of conduct subsequent to the execution of the contract both waived the written change order requirement and modified the terms of the contract to include compensation for the extra work performed by Circle Y.

The defendants submit, in the alternative, that no breach of the written contract occurred because the additional work was within the scope of that contract. According to the defendants, because the written contract was a turnkey contract, Circle Y assumed the risk of performing all extra work necessary to make the units ready to rent.

The district court did not err in finding that the extra work was outside the scope of the contract. Exhibit H to the contract explicitly defines the scope of the project subject to the turnkey provision: It lists the nine units and the particular renovations requested. None of the additional work involved the particular renovations listed in Exhibit H. In fact, some of the extra work was done on a unit not even included in the contract. Given the record and the district court's credibility determinations, the district court's conclusion that the additional work was beyond the scope of the original contract was not erroneous. Accordingly, Hidden Colony is liable for breach of the written contract.

**2.**

Only Hidden Colony had a written contract with Circle Y. Circle Y claims, however, that it also had an oral contract with WRH Realty. In reply, WRH Realty submits that it is not bound by any oral agreement because it was merely

acting as an agent for Hidden Colony.

The Georgia agency statute provides:

If an agent shall fail to disclose his principal, when discovered, the person dealing with the agent may go directly upon the principal under the contract, unless the principal shall have previously accounted and settled with the agent.

O.C.G.A. § 10-6-54.  In elucidating this paragraph, the Court of Appeals of

Georgia has written:

Similar to the principle that a person may become liable as an ostensible partner is the principle that an agent who makes a contract without disclosing that he is acting as an agent or without identifying his principal, or an agent who makes a contract with the express or implied understanding with the other party that he is binding himself individually, will become individually liable on the contract. . . . Whether or not the fact of the agency and the identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence.

Chambliss v. Hall, 113 Ga. App. 96, 147 S.E.2d 334, 338 (1966); see also Reed v.

Burns Int'l Sec. Serv., Inc., 215 Ga. App. 60, 449 S.E.2d 888, 889 (1994).  The

evidence supports the district court's determination that, to avoid personal

liability, WRH Realty had the duty to disclose that it was acting solely as Hidden

Colony's agent in making the oral contracts.  WRH Realty points to no evidence

that its employees disclosed to Circle Y, when they requested additional work, that

they were acting solely as Hidden Colony's agents.  Accordingly, the district court

6

did not err in concluding that WRH Realty is liable for breaching these oral agreements.

Because we agree with the district court that Hidden Colony breached the written contract and that WRH Realty breached its oral contracts, we do not need to reach the issue of quantum meruit and unjust enrichment.

**B.**

Under the written contract, Circle Y, as the prevailing party, is entitled to attorney's fees from Hidden Colony. WRH Realty, although not a party to the written contract, is also liable for attorney's fees based on the district court's finding that it acted in bad faith. See O.C.G.A. § 13-6-11.

**1.**

WRH Realty contends that it cannot be held responsible for bad faith merely because it stood on a bona fide contract defense and denied liability. The bad faith inquiry, however, focuses on the defendant's behavior in "the transaction and dealings out of which the cause of action arose, not the defendant's conduct after the cause of action arose." Dep't of Transp. v. Hardin-Sunbelt, Joint Venture, 266 Ga. App. 139, 596 S.E.2d 397, 403 (2004); see also Runion v. Hofer, 245 Ga.

7

App. 854, 538 S.E.2d 462, 463 (2000).

The record contains sufficient evidence that WRH Realty acted in bad faith. See Fertility Tech. Res., Inc. v. Lifetek Med., Inc., 282 Ga. App. 148, 637 S.E.2d 844, 848 (2006) (holding that "even slight evidence of bad faith" will support the grant of attorney's fees). The record supports the district court's conclusion that WRH Realty and its employees manipulated Circle Y into doing a great deal of work that was clearly beyond the written contract with Hidden Colony. Despite Circle Y's reasonable expectations that it would be paid for the work, WRH Realty then attempted to shield itself behind the written contract.[2]

## 2.

The defendants also contend that the district court erred by awarding attorney's fees after a Rule 54(d)(2) hearing rather than after a trial on the amount. At the outset, we note that Hidden Colony is liable for attorney's fees under the written contract, and so it was appropriate for the district court to determine, under Rule 54, the amount of attorney's fees for which Hidden Colony was liable. Thus,

---

[2] See Fertility Tech. Res., Inc. v. Lifetek Med., Inc., 282 Ga. App. 148, 637 S.E.2d 844, 849 (2006) (finding bad faith when the agent's conduct misled plaintiff about the principal's intention to perform under contract); Wheat Enters., Inc. v. Redi-Floors, Inc., 231 Ga. App. 853, 501 S.E.2d 30, 35 (1998) (concluding that a jury could find bad faith where "there was some evidence that [the defendant] was attempting to avoid payment for work he authorized").

the defendants' procedural attack can reach only WRH Realty's liability for attorney's fees.

With respect to WRH Realty, because the case was tried to the bench, it was for the district court to determine the issues of bad faith and the amount of fees. See Covington Square Assocs., LLC v. Ingles Markets, Inc., 287 Ga. 445, 696 S.E.2d 649, 651 (2010). The district court made a finding of bad faith at trial. Therefore, WRH Realty may only challenge the amount of the fee award, not the fact that Circle Y was entitled to an award.

The defendants are correct that Rule 54(d)(2)(A) does not permit use of the post-trial motion procedure where the "substantive law requires those fees be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). We can perceive, however, no substantive harm to WRH Realty from the procedure that was followed. Under Federal Rule of Civil Procedure 42(b), the district court is permitted to bifurcate proceedings and to hold a trial on attorney's fees after a trial on liability. See Harrington v. Cleburne Cnty. Bd. of Educ., 251 F.3d 935, 938 (11th Cir. 2001). The district court provided ample opportunity for both sides to present, albeit on paper, their positions on the amount of fees that were due and to make a determination on the basis of that evidence. Additionally, the district court followed the appropriate procedures for determining the amount of attorney's fees

9

for which Hidden Colony was liable under the written contract, and it is not clear how that amount would have differed for WRH Realty. Accordingly, the district court committed no reversible error in its determination of attorney's fees.

The defendants also submit that the district court erred in failing to apportion the claims for fees between successful and unsuccessful claims. The district court found, however, that Circle Y "did as well as anyone could have done" to apportion the hours spent on the claims that survived summary judgment and the one claim that did not. Circle Y Constr., Inc., 721 F. Supp. 2d at 1283. Moreover, given the overlapping nature of the claims, Circle Y's efforts to apportion the fees and the district court's finding that it would be difficult to apportion further, the district court's grant of the fees requested by Circle Y was not erroneous. See Campbell v. Beak, 256 Ga. App. 493, 568 S.E.2d 801, 806-07 (2002).

The district court committed no factual or legal error in its adjudication of this case. Accordingly, the judgment of the district court is affirmed.

**AFFIRMED**.